ON PETITION FOR REHEARING
PER CURIAM.
Plaintiff-appellants raise several issues in their petition for rehearing which we find necessary to discuss. Plaintiffs appealed an order setting aside a verdict in which the jury found for the plaintiff wife, San-tina R. Flex. They did not appeal the verdict finding against the plaintiff husband-driver, nor did the lower court set aside that portion of the verdict.
The sole point raised on appeal concerned whether or not the trial court erred in granting judgment non obstante veredicto for the defendants in the light of the evidence presented. We reversed that portion of the final order setting aside the jury verdict and affirmed the alternate portion of the order which granted a new trial to the plaintiff wife in the event that the judgment non obstante veredicto be reversed. Since our opinion did not make it clear that the new trial was to be granted only as to the plaintiff wife, we modify the last line of our original opinion to read “ * * * and the alternative portion grant *520 ing a new trial to the plaintiff Santina R. Flex is affirmed.”
In their petition for rehearing, for the first time, plaintiffs claim that they also appealed the alternative remainder of the final judgment which granted defendant’s motion for new trial, and that this court failed to pass on said point. This is not supported by the record. Although the general assignments of error may have preserved the point, it was not specifically assigned as error and it was neither raised in appellants’ point on appeal nor pointedly argued by brief.
In addition to rearguing their appeal in their petition, the plaintiffs further charge for the first time that this court overlooked the fact that the final order granting new trial “did not comply with the Rules of this Court made and provided which require that grounds be stated for granting a new trial.” This point is not well taken. The trial court distinctly gave its reason for granting new trial.
“3. That in the event the judgment for the defendants to be entered herein is reversed, the alternative motion of the defendants for a new trial is granted on the grounds that the verdict for the plaintiff, SANTINA R. FLEX, is contrary to the evidence and contrary to the manifest weight and probative force of the evidence, in that the evidence was insufficient to establish negligence on the part of the defendants proximately causing the collision out of which plaintiff’s injuries arose.” (emphasis supplied)
The plaintiffs further contend that our opinion leaves the impression that the issue of contributory negligence was raised against the plaintiff wife when in fact it was raised only as against the plaintiff husband who was driving the vehicle. We did not intend such impression. The issue of contributory negligence was raised as to the plaintiff husband in the trial and was assigned as error. The answer attempted to impute the plaintiff husband’s alleged contributory negligence to the plaintiff wife. This was deemed unnecessary for discussion in the opinion.
Except as modified hereby, we adhere to the original opinion. The petition for rehearing is denied.
SHANNON, Acting C. J., WHITE, J., and MELVIN, WOODROW, Associate Judge, concur.